THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Kenneth Michael Paciorek,<br><br>            Plaintiff,<br>v.<br><br>Utah County Jail et al.,<br><br>            Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00906-DBB-DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

On February 2, 2024, the court screened Plaintiff's initial Complaint under 28 U.S.C. § 1915. The court concluded Plaintiff's Complaint failed to comply with the minimum pleading requirements of Federal Rule 8 and failed to state a claim upon which relief could be granted.[1] The court ordered Plaintiff to file an amended complaint by February 29, 2024.

Rather than complying with the court's order, Plaintiff filed an irrelevant motion to unseal the docket.[2] Because Plaintiff is proceeding pro se, the court afforded Plaintiff another opportunity to file an amended complaint. On March 8, 2024, the court entered a second order directing Plaintiff to file an amended complaint on or before April 15, 2024.[3] Once again, Plaintiff failed to comply with this order and to date, Plaintiff has not filed an amended complaint or a motion for extension of time.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

---

[1] ECF No. 10.

[2] ECF No. 12.

[3] ECF No. 13.

claim against it."[4] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders.[5]

## DISCUSSION

Plaintiff has failed to comply with multiple court orders requiring him to file a second amended complaint. Federal Rule 41(b) allows for dismissal of an action based upon a plaintiff's failure to comply with court orders. Further, in failing to file an amended complaint, Plaintiff has not cured the defects in his amended pleading as previously identified in the court's orders. Accordingly, this matter should be dismissed.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Plaintiff's case be dismissed without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 24 April 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[4] Fed. R. Civ. P. 41(b).

[5] *Olsen v. Mapes*, 333 F.3d 1199, 1205 n.3 (10th Cir. 2003); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("a district court may, without abusing its discretion, enter such an order without attention to any particular procedures") (citing *Petty v. Manpower Inc.*, 591 F.2d 615, 617 (10th Cir. 1979)).